FILED

October 14 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 06-0628

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### AF 06-0628

_____

| | |
|---|---|
| AMENDMENTS TO RULES FOR | ) |
| LAWYER DISCIPLINARY ENFORCEMENT | )     O R D E R |
| | ) |

_____

In February of 2015, the Office of Disciplinary Counsel petitioned the Court to amend certain rules within the Rules for Lawyer Disciplinary Enforcement. The Court allowed a public comment period on the proposed rule changes, and discussed the proposed changes at public meetings on July 21, 2015, and September 15, 2015. As a result of the comments received and the Court's review of the proposals, we have further revised certain of the proposed amendments to the Rules.

IT IS NOW ORDERED that the attached amended versions of Rules 7, 11, 12, 14, 16, 18 [abrogated], 19, 22, 25, 27, 28, and 29 of the Rules for Lawyer Disciplinary Enforcement are adopted effective January 1, 2016.

The Clerk is directed to provide copies of this order to the Administrative Officer of the Commission on Practice, the Office of Disciplinary Counsel, all persons who submitted written comments on the proposal, and the State Bar of Montana.

DATED this 13th day of October, 2015.

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE

1

**RULE 7.     JURISDICTION**

**A.** Any lawyer who is a member of the State Bar of Montana is subject to the disciplinary jurisdiction of the Supreme Court of Montana, regardless of where the lawyer's conduct occurs.

**B.** Any lawyer specially admitted by a Montana court for a particular proceeding, appearing by pleading or otherwise in any judicial or administrative proceeding in Montana, or otherwise engaging in the practice of law in Montana, is subject to the disciplinary jurisdiction of the Supreme Court of Montana, for conduct pertaining to his or her practice of law in Montana.

**C.** If a lawyer resigns as a member of the State Bar of Montana, or the lawyer's special admission or appearance in any judicial proceeding in Montana has terminated, the lawyer remains subject to disciplinary proceedings for conduct occurring prior to the effective date of the resignation or termination.

**D.** The grounds for disciplinary jurisdiction enumerated herein are in addition to those set forth in Rule 8.5, Montana Rules of Professional Conduct.

.     .     .

**RULE 11.     LIMITATIONS ON TIME TO BRING FORMAL COMPLAINT**

**A. Time Limit for Filing a Formal Complaint.**  Except as otherwise provided in these rules, from the time the alleged misconduct giving rise to the inquiry or complaint is discovered or, with due diligence, should have been discovered, a formal Complaint must be filed within six years from the date of the alleged misconduct.

**B. When Violation Occurs.**  A Rule of Professional Conduct is violated when every element of a violation has occurred.  But if the violation is a continuing offense, the violation occurs when the offensive conduct ends.

**C. Tolling.**  The six-year limit is tolled, but in no case may a formal Complaint be filed after 10 years from the date of the misconduct, while:

(1) The lawyer represents the grievant, the grievant's family member, or the grievant's business or employer;

(2) The grievant is a minor, or physically or mentally incapacitated;

(3) Civil, criminal, or administrative investigations or proceedings based on the same acts or circumstances as the violation are pending with any governmental agency, court, or tribunal;

(4) The lawyer conceals facts about the violation;

(5) The lawyer fails to cooperate with an investigation of the violation;

(6) The lawyer makes false or misleading statements to the Office of Disciplinary Counsel concerning the violation; or

(7) The disciplinary investigation or proceeding is abated under Rule 28.

**D. Exceptions.**  There shall be no limit on the time to file a formal Complaint for:

(1) Any alleged misconduct based upon a plea of guilty to a felony or upon conviction of a felony; or

1

(2) Any alleged misconduct that constitutes a felony, without regard to whether the lawyer is charged, prosecuted, or convicted of a crime for the conduct.

.   .   .

**RULE 12.    FILING, SERVICE, AND FORMAL CASE PROCEDURES**

**A. Complaint and Citation**. When a Review Panel has granted the Office of Disciplinary Counsel leave to file a formal Complaint against a respondent lawyer:

(1) Disciplinary Counsel shall file a formal Complaint with the Clerk of the Supreme Court and shall furnish a copy to the Commission;

(2) The Complaint shall set forth the charges with sufficient clarity and particularity as to inform the lawyer of the alleged misconduct;

(3) The Complaint shall be signed by Chief Disciplinary Counsel or Deputy Disciplinary Counsel but need not be verified; and

(4) The Clerk of the Supreme Court shall issue a citation that, together with a copy of the Complaint, shall be served on the lawyer.  The citation shall require the lawyer to file a written Answer to the Complaint with the Clerk within twenty days and indicate that a failure to file an Answer within the time prescribed may subject the attorney to be in default as provided by Rule 12C(2).

**B.  Service.**

(1) Service of Complaint.  Service upon the lawyer of a Complaint in a formal disciplinary proceeding shall be made by personal service as provided in Rule 4, Montana Rules of Civil Procedure, or by registered or certified mail to the last address that the lawyer provided to the State Bar of Montana.  If service is made by registered or certified mail, service is deemed complete upon mailing.

(2) Service of Other Papers.  Service of any other papers or notices required by these Rules shall, unless otherwise provided by these Rules, be made in accordance with Rule 5, Montana Rules of Civil Procedure, and shall be filed with the Commission.  The Commission shall keep a registry of all documents filed with the Commission.

**C.  Answer.**

(1) The lawyer shall furnish a copy of the Answer to the Commission at the time service is made on Disciplinary Counsel.

(2) If the lawyer fails to file an Answer within the prescribed time, the allegations in the Complaint shall be deemed admitted.  An Adjudicatory Panel to which the case has been assigned may make findings of fact, conclusions of law, and a recommendation to the Supreme Court for discipline or other disposition of the case.

**D.  Hearing, Findings, and Conclusions.**

(1) If the lawyer files an Answer, the Commission shall consult with Disciplinary Counsel and counsel for the respondent lawyer or, if not represented, the respondent, to determine a hearing date before an Adjudicatory Panel.  The Commission shall file and serve upon Disciplinary Counsel, the lawyer, and the lawyer's counsel, if any, a notice of hearing setting forth the date, time, and place of hearing, which notice shall be served upon said persons at least twenty days in advance thereof.  The lawyer is

entitled to be represented by counsel, to cross-examine witnesses, and to present evidence. The hearing shall be recorded.

(2) An Adjudicatory Panel may elect to hold a hearing notwithstanding the lawyer's failure to answer.

(3) In the conduct of a hearing, the Chairperson of an Adjudicatory Panel shall have authority to rule on all motions, objections, and other matters presented in connection with the hearing. Except as may otherwise be provided herein, and except as an Adjudicatory Panel Chairperson may determine in the interests of justice and fairness, hearings in formal disciplinary proceedings shall be conducted in accordance with the Montana Rules of Civil Procedure and the Montana Rules of Evidence.

(4) Following the hearing, an Adjudicatory Panel shall make findings of fact, conclusions of law and a recommendation to the Supreme Court for discipline or other disposition of the case.

. . .

## RULE 14. REQUEST FOR REVIEW BY COMPLAINANT OF A REVIEW PANEL'S DECISION

**A. Dismissal of complaint**. Upon review of Disciplinary Counsel's dismissal of a complaint pursuant to Rule 10C(3), if a Review Panel affirms the dismissal, the Commission shall notify the complainant in writing that the complainant may, within thirty-five days of the date on which the notice was sent, request in writing to the Commission, review of the disposition by the Supreme Court.

**B. Review discretionary.** The Supreme Court may, in its sole discretion, review the Panel's disposition.

. . .

## RULE 16. REVIEW BY THE SUPREME COURT AFTER CONTESTED CASE HEARING

After service of a copy of the Commission's findings of fact, conclusions of law, and recommendation, a party shall have thirty days from date of service within which to file with the Court objections to the findings of fact, conclusions of law, and recommendation. The objecting party shall serve upon the opposing party a copy of any such objections. The opposing party shall have thirty days after date of service of such objections within which to file with the Court a written brief in opposition to such objections. A copy of such brief shall be served upon the objecting party. The Court may, in its discretion, set the matter for oral argument. In the event objections are not filed, the matter shall be deemed submitted at the expiration of the time for filing objections. The Supreme Court shall consider the matter, issue its written decision, and impose such discipline, if any, as it considers appropriate.

. . .

**RULE 18.     SERVICE [Abrogated]**

**RULE 19.     OATHS, SUBPOENA POWER, AND DISCOVERY**
    **A. Oaths.** Any member of the Commission or other person authorized by law may administer oaths and affirmations in matters pending before the Commission.
    **B. Investigative Subpoenas.**
    (1) Before a formal Complaint has been filed, the chairperson of the Commission may cause subpoenas to be issued commanding the persons to whom they are directed to produce books, records, papers, documents, and other objects as may be necessary and proper to the investigation.
    (2) An investigative subpoena may be issued upon the affidavit of Disciplinary Counsel showing good cause to believe that:
    (a) the lawyer who is the subject of the investigation, or the person from whom information is sought, has failed to cooperate with Disciplinary Counsel's request for information in connection with that investigation;
    (b) a violation of the Rules of Professional Conduct or these Rules has been committed; and
    (c) the information relative to the commission of that violation is in the possession of the person or institution to whom the subpoena is directed.
    (3) The lawyer who is the subject of the investigation need not be given advance notice of the investigative subpoena. Upon execution of the investigative subpoena, Disciplinary Counsel shall provide a copy of the investigative subpoena to the lawyer who is the subject of the investigation.
    **C. Subpoenas for Deposition or Hearing.** After formal charges are filed, any member of the Commission may, at the request of Disciplinary Counsel or the lawyer, compel, by subpoena or order, the attendance of witnesses and the production of pertinent books, papers, and documents.
    **D. Enforcement of Subpoenas.** Any person subpoenaed or ordered to appear and give testimony, or to produce pertinent books, papers, or documents, who fails or refuses to appear or to produce such books, papers, or documents, or any person having been sworn to testify, who refuses to answer any proper questions, may, upon request of the Commission or the Office of Disciplinary Counsel, be cited for contempt of the Supreme Court. The Commission or the Office of Disciplinary Counsel shall report to the Court the facts relating to any such contempt. Thereupon, proceedings before the Supreme Court shall be had as in cases of other contempts. The Supreme Court may, upon proper application, also enforce the attendance of any witness and the production of any documents subpoenaed.
    **E. Subpoena Pursuant to Law of Another Jurisdiction.** Whenever a subpoena is sought in Montana pursuant to the law of another jurisdiction for use in lawyer discipline or disability proceedings or investigations, and where the issuance of the subpoena has been duly approved under the law of the other jurisdiction, the chairperson of the Commission, upon request of Disciplinary Counsel (in a case where the request is

by the disciplinary authority of the foreign jurisdiction) or an attorney admitted to practice in this jurisdiction (in a case where the request is by a respondent in a proceeding in the foreign jurisdiction), may issue a subpoena as provided in this section to compel the attendance of witnesses and production of documents in the county where the witness resides or is employed or elsewhere as agreed by the witness. Service, enforcement, or challenges to this subpoena shall be as provided in these rules.

**F. Challenging Subpoena.** Any challenge to the validity of a subpoena issued under this Rule shall be heard and determined by the chairperson of the Commission or, in his or her absence, the vice-chairperson or executive secretary, subject to review by the Supreme Court, at the request of Disciplinary Counsel or the lawyer. Upon a determination that an investigative subpoena issued under subsection B of this Rule was improper or overly broad, any information improperly obtained through the subpoena must not be used as evidence in any disciplinary proceeding against the lawyer who is the subject of the investigation.

**G. Discovery.** Disciplinary Counsel and the lawyer shall be afforded reciprocal discovery. Disputes concerning the scope and other aspects of discovery shall be determined by the chairperson, or in his or her absence the vice-chairperson, of the Adjudicatory Panel.

**H. Witnesses and Fees.** Witness fees and mileage shall be the same as provided by law for witnesses in civil actions in the District Courts of the State of Montana.

.   .   .

**RULE 22.  ADDITIONAL RULES OF PROCEDURE**

**A. Proceedings Governed by Rules of Civil Procedure.** Except as otherwise inconsistent with these rules, the Rules of Civil Procedure of the State of Montana apply in disciplinary cases.

**B. Standard of Proof.** Allegations in a formal Complaint and grounds for reinstatement shall be established by clear and convincing evidence.

**C. Burden of Proof**. The burden of proof in formal proceedings seeking discipline is on Disciplinary Counsel. The burden of proof in reinstatement proceedings is on the person seeking reinstatement.

**D. Availability of Hearing Transcript.** A copy of the record of a hearing shall be made available to the lawyer at his or her expense on request made to the Commission.

**E. Related Pending Litigation.** After the filing of a formal Complaint, disciplinary proceedings shall not be delayed because of substantial similarity to the material allegations of pending criminal or civil litigation. The chairperson of an Adjudicatory Panel in his or her discretion may, upon request of a party, authorize a stay for good cause shown, but only after notice and opportunity to be heard.

**F. Delay Caused by Complainant.** Neither withdrawal of an informal complaint by a complainant, nor a settlement, nor a compromise between the complainant and the

lawyer, nor restitution by the lawyer shall, in itself, justify abatement of the processing of any complaint.

    **G. Effect of Time Limitations.** Except as is otherwise provided in these rules, time is directory and not jurisdictional. Failure to observe prescribed time intervals may result in sanctions against the violator but does not justify abatement of any disciplinary investigation or proceeding.

    **H. Complaints Against Commission Members.** Allegations of grounds for discipline against lawyer members of the Commission shall be processed in the same manner as allegations against nonmembers of the Commission; provided, however, that the Commission member against whom such allegations are made shall be disqualified from participating in any manner as a Commission member with respect to that matter.

    **I. Dismissed Complaints.** An informal complaint that has been dismissed, or upon which no disciplinary action is taken or recommended, shall be expunged from Commission and Disciplinary Counsel records and, for all purposes, shall be considered as null, void and nonexistent.

. . .

## RULE 25. CONDUCT CONSTITUTING THREAT OF HARM TO CLIENTS OR THE PUBLIC

    **A. Petition for Interim Suspension**. Upon receipt of evidence constituting probable cause that a lawyer subject to the disciplinary jurisdiction of the Supreme Court has committed a violation of the Rules of Professional Conduct or is incapacitated and, in either case, poses a substantial threat of serious harm to clients or the public, Disciplinary Counsel may file a petition with the Supreme Court to have the lawyer suspended pending proceedings. The clerk shall send the lawyer a copy of the petition to his or her last known address.

    **B. Interim Suspension.** Upon review of the petition, the Supreme Court may either deny the petition or direct the lawyer to show good cause, if any, why the lawyer should not be suspended during the pendency of either criminal proceedings or disciplinary proceedings. After providing the lawyer with the opportunity to be heard, the Court may enter an order suspending the lawyer from the practice of law, or may order such other action as it deems appropriate.

    **C. Notice to Clients**. A lawyer suspended pursuant to this Rule shall comply with the notice requirements of Rules 30 and 32.

. . .

## RULE 27. RECIPROCAL DISCIPLINE AND RECIPROCAL DISABILITY/ INACTIVE STATUS

    **A. Office of Disciplinary Counsel to Obtain Order of Discipline or Disability/Inactive Status from Other Jurisdiction.** Upon being disciplined or transferred to disability/inactive status in another jurisdiction, a lawyer admitted to

practice in Montana shall promptly inform the Office of Disciplinary Counsel of such action. Upon notification that a lawyer subject to the disciplinary jurisdiction of the Supreme Court has been disciplined or transferred to disability/inactive status in another jurisdiction, Disciplinary Counsel shall file a petition, attaching a certified copy of the order, with the Supreme Court.

**B. Notice Served Upon the Lawyer.** Upon receipt of Disciplinary Counsel's petition, the Court shall issue an order directing the lawyer to inform the Court, within thirty days from the date of service, of any claim by the lawyer predicated upon the grounds set forth in paragraph D of this rule, that the imposition of the identical discipline or transfer to disability/inactive status in the state of Montana would be unwarranted and the reasons therefor. A copy of the order from the other jurisdiction shall be attached to the order.

**C. Effect of Stay of Discipline in Other Jurisdiction**. In the event the discipline imposed in another jurisdiction has been stayed, any reciprocal discipline imposed in Montana may be deferred until the stay expires.

**D. Discipline to be Imposed or Transfer to Disability/Inactive Status.** Upon expiration of thirty days from service of the order pursuant to the provisions of paragraph B of this rule, the Supreme Court shall impose the identical discipline or transfer to disability/inactive status unless the lawyer demonstrates, or the Court finds that upon the face of the record from which the discipline was predicated it clearly appears that:

(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Supreme Court could not, consistent with its duty, accept as final the conclusion on that subject;

(3) The imposition of the same discipline by the Supreme Court would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in the state of Montana.

If the Supreme Court determines that any of those elements exists, it shall enter such other order as it deems appropriate.

**E. Conclusiveness of Adjudication in Other Jurisdiction.** In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct or transferred to disability/inactive status shall establish conclusively the misconduct or disability for purposes of proceedings in Montana.


**RULE 28. DISABILITY/INACTIVE STATUS**

**A. Automatic Transfer to Disability/Inactive Status.** The Supreme Court shall enter an order immediately transferring a lawyer to disability/inactive status upon receipt of a certified copy of a judgment, order, or other appropriate document demonstrating that the lawyer:

(1) Was found to be incapable of assisting in his or her own defense in a

7

criminal action;

(2) Was acquitted of a crime based on mental disease or defect;

(3) Had a guardian or conservator appointed, but not a temporary guardian or conservator, for his or her person or estate on a judicial finding of incapacity; or,

(4) Was involuntarily committed to a mental health facility.

A copy of the order shall be served, in the manner the Court may direct, upon the lawyer, his or her guardian, or the director of the institution to which the lawyer has been committed.

**B. Assertion of Inability to Assist in Defense.** If, during the course of a disciplinary investigation or proceeding, a lawyer alleges an inability to assist in his or her defense due to mental or physical incapacity, Disciplinary Counsel shall notify the Court. The Court shall immediately transfer the lawyer to disability/inactive status until further order of the Court.

**C. Notice of Transfer.** Unless otherwise ordered by the Court, notice of transfer to disability/inactive status shall be given to those persons and in the manner provided in Rule 30. All orders transferring a lawyer to or from disability/inactive status are public.

**D. Term of Disability/Inactive Status.** Transfer to disability/inactive status, unless otherwise specified by order, shall be for an indefinite period and may include such terms and conditions for transfer to active status as may be appropriate.

**E. Stay of Disciplinary Proceedings.** Pending disciplinary proceedings shall be deferred during the period a lawyer is on disability/inactive status. Such proceedings shall be heard and disposed of as provided in these rules upon reinstatement of the lawyer to active status.

**F. Reinstatement to Active Status.**

(1) A lawyer transferred to disability/inactive status may petition for transfer to active status after six months or such other time period specified in the order of transfer, or in subsequent orders.

(2) Upon receipt of a petition for transfer to active status, the Adjudicatory Panel shall schedule a hearing on the petition as soon as practicable. Proceedings for transfer to active status shall be conducted in the same manner as formal proceedings pursuant to Rule 29. Upon motion by Disciplinary Counsel, the chairperson of the Adjudicatory Panel may order examination of the lawyer by qualified experts.

(3) A lawyer transferred to disability/inactive status based on an assertion of an inability to assist in his or her defense of disciplinary proceedings due to mental or physical incapacity must show by clear and convincing evidence the lawyer did in fact suffer from a condition that prevented the lawyer from assisting in his or her defense and that the lawyer can now assist in his or her defense.

(4) Except as otherwise provided in these Rules, any other petition for transfer to active status shall be granted upon a showing by clear and convincing evidence that the disability has been removed.

(5) A lawyer previously judicially declared incompetent may petition for immediate transfer to active status, without hearing, upon proof of judicial declaration of competency by a court of competent jurisdiction.

8

**RULE 29.    REINSTATEMENT FOLLOWING DISCIPLINE**

**A.  After Suspension of Six Months or Less.**  A lawyer suspended for no more than six months may resume practice at the end of the period of suspension by filing with the Court, and serving upon the Administrative Officer of the Commission, and Disciplinary Counsel, an affidavit stating that the lawyer has fully complied with the requirements of the suspension order, and has paid any required fees and costs ordered by the Court.

**B.  After Disbarment or Suspension for More Than Six Months.**  Subject to the limitations set forth in Rule 29C, any lawyer who shall have been disbarred or who shall have been suspended indefinitely or for more than six months may, by verified petition, apply for:

(1) An order of reinstatement;

(2) An order shortening the term of a fixed period of suspension; or

(3) An order modifying an order of indefinite period of suspension by fixing a definite period of suspension.

The petition shall bear the case number and caption appearing in the order of discipline.  An original and seven copies shall be filed with the Clerk of the Supreme Court.  The lawyer shall serve a copy of the petition on the Commission and on Disciplinary Counsel.  The petition shall set forth the facts that the lawyer contends show that he or she has rehabilitated himself or herself, and that he or she is entitled to have the order of discipline vacated, terminated, or modified.

**C.  Time for Filing Petition.**

(1) A lawyer suspended from practice may not petition for reinstatement earlier than ninety days prior to the end of the period of the fixed term or minimum fixed term of the suspension.

(2) A lawyer serving an indefinite suspension beyond the minimum fixed term may petition for reinstatement at any time.

(3) A disbarred lawyer may not petition for reinstatement until five years after the effective date of disbarment.

**D.  Hearing and Notice on Application.**  Upon receipt of a petition, the Commission shall, within ninety days after receipt of such petition, or such later date as may be mutually agreed upon by petitioner and the Commission, schedule an Adjudicatory Panel hearing on the petition. The petitioner shall have the burden of demonstrating by clear and convincing evidence that he or she meets the following criteria, or, if not, has presented good and sufficient reason why he or she should nevertheless be reinstated:

(1) The lawyer has fully complied with the terms of all prior disciplinary orders;

(2) The lawyer has not engaged nor attempted to engage in the unauthorized practice of law;

(3) If the lawyer was suffering under a physical or mental disability or infirmity at the time of suspension, including alcohol or other drug abuse, the disability or

9

infirmity has been removed, and where alcohol or other drug abuse was a causative factor in the lawyer's misconduct, the lawyer:

(a) has pursued appropriate rehabilitative treatment; and

(b) has abstained from the use of alcohol or other drugs for at least one year, and is likely to continue to abstain from alcohol or other drugs;

(4) The lawyer recognizes the wrongfulness and seriousness of the misconduct;

(5) The lawyer has not engaged in any other professional misconduct since suspension;

(6) The lawyer has the requisite honesty and integrity to practice law; and

(7) The lawyer has kept informed about recent developments in the law and is competent to practice.

The proceedings before the Adjudicatory Panel relating to such petition shall be governed by the applicable provisions of these rules governing hearings in disciplinary proceedings including Rule 20 concerning confidentiality, unless otherwise provided herein or unless otherwise ordered by the Court.

Notice of such hearing shall be given to the public in such manner and to such extent as the Adjudicatory Panel deems appropriate in each case. In any event, notice of such application or petition shall be given to the Supreme Court, all of the Judges of the District Courts of the State of Montana, all of the Federal District Judges of the District of Montana, and the Executive Director of the State Bar of Montana. The notice of hearing shall set forth that any interested person may testify at the hearing.

Disciplinary Counsel may investigate the contentions set forth in the petition for reinstatement and present relevant evidence at the hearing.

**E. Deposit for Cost of Proceeding.** Upon receipt of a petition for reinstatement, an Adjudicatory Panel, before proceeding further, may require the petitioner to deposit with the Commission an amount deemed reasonable by the Commission to cover anticipated costs of the reinstatement proceedings.

**F. Recommendation of Commission and Action by Court.** The Adjudicatory Panel shall make a written recommendation to the Supreme Court on the petition for reinstatement, including the imposition of such conditions to reinstatement as it deems appropriate to protect the public interest. Thereupon the Supreme Court shall, in the exercise of its discretion, take such action as it deems advisable.